IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JUANITA GIBSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2250-L-BW |
| | § | |
| **DALLAS AREA RAPID TRANSIT** | § | |
| *(DART)***,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On September 24, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered, recommending that the court **dismiss without prejudice** this action for lack of subject matter jurisdiction. The magistrate judge determined that Plaintiff Juanita Gibson, ("Ms. Gibson" or "Plaintiff") has not alleged facts sufficient to establish federal question or diversity jurisdiction. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Brian McKay determined that, Plaintiff's Complaint and the assertions in her amended civil cover sheet fail to establish subject matter jurisdiction on the basis of diversity or federal question jurisdiction. *See* Report at 5. The court agrees.

First, the magistrate judge found that Plaintiff's identification of Title III of the Consumer Credit Protection Act of (1968) ("CCPA"), 15 U.S.C. § 1671 *et seq.*, as the federal statute under which she brings this action is not sufficient to establish federal question jurisdiction, because she does not set forth factual allegations to support a claim under any provision of the statute. *Id.* at 4. Additionally, the magistrate judge found that, even if Plaintiff had made factual allegations

Order – Page 1

supporting a claim under Title III of the CCPA, the statute does not provide her with a private right of action. *Id.* at 5.

Second, the magistrate judge found that Plaintiff's Complaint and the assertions in her amended civil cover sheet defeat subject matter jurisdiction on the basis of diversity because they show that Plaintiff shares the same state of citizenship as the named Defendant and the amount in controversy ($46,000) does not exceed $75,000, exclusive of interest and costs. *Id.* The failure to satisfy either of these requirements alone is sufficient to establish that the court lacks diversity jurisdiction.

Finally, the magistrate judge determines that the court cannot exercise supplemental jurisdiction over any state law claims Plaintiff is attempting to assert because her Complaint fails to present an adequate basis for federal question jurisdiction or diversity jurisdiction. *Id.* As a result, the magistrate judge recommends that the court **dismiss without prejudice** this action for lack of subject matter jurisdiction.

After considering the pleadings, file, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **dismisses without prejudice** this action for lack of subject matter jurisdiction. The court **directs** the clerk of court to close this action. As this courts **lacks** subject matter jurisdiction, it **declines** to address Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 4).

**It is so ordered** this 28th day of October, 2025.

                    Sam A. Lindsay
                    United States District Judge